United States District Court

Massachusetts District Court in Boston

| | |
|---|---|
| (Timothy Cichocki, Y. Dolly Hwang, Plaintiffs<br>(<br>(                    v.<br>(Bank of America,                                           the<br>(31 Pinckney Street Condominium Trust and Association,<br>(Vicki R. Oleskey, Estate of Walter Jung,<br>(Elizabeth C. McCaan, Estate of Mark Keiser,<br>(Robert D. Russo, David Frye, Russo and Scolnick, LLP,<br>John Doe 1, John Doe 2,<br>John Doe 3, Jane Doe 1, and Jane Doe 2,<br>          Defendants, | )<br>)<br>)<br>)<br>)  Docket No. 1:15-cv-13269-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs' Motion for Clarification

Pursuant to plaintiffs' due process right to be notified and to a reasoned judgment of law grounded on facts on record, plaintiffs come and respectfully move the court for clarification of the following questions pertaining to the court's order and memorandum of July 21, 2016:

1. What is the base of the court's assertion that the plaintiffs' case arises from 'imposing special assessment fees' against plaintiffs' (page 1 of Memorandum and Order), while plaintiffs claimed 'fraudulent debt collection', including attorney fee for debt collection, which placed the case under Massachusetts statute against unfair or deceptive act or practice of mgl c 93A?

2. What is the base in 'the public record' indicates: 'six months later, (the court) dismissed a "nearly identical" amended complaint without prejudice. 2013 WL 859027, at *7 (D. Mass. June 24, 2013) (Page 6, Memorandum and Order), while the docket sheet for the

*[Handwritten annotation:]* Treated as a motion for reconsideration and motion denied. /s/ NMGorton, USDJ 10/4/16

*[Stamp:]* DOCKETED

*[Handwritten:]* 40